IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVARISTO PEREZ CRUZ | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3:12-CV-4317-B-BN |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Evaristo Perez Cruz, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The application should be dismissed for lack of subject matter jurisdiction.

I.

In 1997, petitioner was convicted of manslaughter and sentenced to three years confinement. Although he has fully discharged that sentence, he now challenges the conviction on grounds that it was recently used to enhance his sentence for a 2012 conviction for illegal reentry after removal, which he is now serving. He has not attempted to challenge the validity of the expired manslaughter conviction in an application for state post-conviction relief, contending that "[a]n 11.07 Writ of Habeas Corpus is inadequate, as petitioner has [been] discharged from this conviction, and cannot meet the 'in custody' standard required by the State of Texas to seek habeas corpus review." (*See* Hab. Pet. at 2). Petitioner filed this action in federal district court on October 26, 2012.

II.

A federal court lacks subject matter jurisdiction to entertain a section 2254 action if, at the

time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989) (citing cases). In *Maleng v. Cook*, 490 U.S. 488 (1989), the Supreme Court discussed the "in custody" requirement for federal habeas jurisdiction. While recognizing that a prisoner need not be physically confined to be "in custody" for the purposes of section 2254, the Court noted:

> We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed. Indeed, [the Court's] decision in *Carafas v. LaVallee*, [391 U.S. 234 (1968)], strongly implies the contrary.... [O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.

*Id.*. at 491-91 (emphasis in original); *see also Hendrix*, 888 F.2d at 338 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of § 2254).

While acknowledging that he has fully served his three-year sentence in the manslaughter case, petitioner maintains that he is "in custody" under that conviction because it was used to enhance his punishment in the illegal reentry case for which he is still incarcerated. (*See* Pet. Mot. at 2). However, a federal court lacks subject matter jurisdiction to entertain a § 2254 action challenging the validity of an expired conviction "even if the prior conviction was used to enhance the sentences imposed for any subsequent crimes of which [petitioner] is convicted." *Josey v. Thaler*, No. 4-11-CV-0633-A, 2012 WL 195002 at *2 (N.D. Tex. Jan. 23, 2012) (*citing Maleng*, 490 U.S. at 492.

### III.

Petitioner also appears to seek injunctive relief in order to prevent "any retaliatory transfers,

as described in *Morris v. Powell,* 449 F.3d 682 (5th Cir. 2006)." (*See* Hab. Mot. at 4). A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *Harris County, Texas v. Carmax Auto Superstores, Inc.*, 177 F.3d 306, 312 (5th Cir. 1999) (*quoting White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989)). The purpose of a preliminary injunction is to protect a party from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits. C. Wright & A. Miller, 11 FEDERAL PRACTICE AND PROCEDURE § 2947 (West 1973). None of the allegations made by petitioner in his motion for injunctive relief impact his entitlement to a writ of habeas corpus. Nor has petitioner shown that he will likely prevail on the merits of his habeas claim, that he will suffer irreparable injury, that the threatened injury outweighs the harm to respondents, or that public policy demands injunctive relief. *See Carmax*, 177 F.3d at 312. In addition, petitioner is in the custody of the Bureau of Prisons, so respondent has no authority to execute a transfer of the petitioner. Accordingly, the motion for injunctive relief should be denied.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

DATED: October 31, 2012.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE